FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
FEB 01 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re ISRAEL VALLE

ORDER

Civil Action No.
MC-10-0033 (DGT)

-----------------------------------------------------------X

TRAGER, United States District Judge:

By Order dated April 23, 2004, this Court enjoined Israel Valle from filing any new civil action, seeking *in forma pauperis* status, without obtaining prior leave of court. See Valle v. State of New York, CV-04-665 (DGT). On January 6, 2010, Valle sought leave to file two separate actions along with applications to proceed *in forma pauperis* and for appointment of counsel. On January 26, 2010, Valle sought leave to file a separate action along with applications to proceed *in forma pauperis* and for appointment of counsel. Valle also submitted documents entitled "Notice of Plaintiff's Claim and Intention to Sue" addressed to the Civil Division and the Criminal Division.

Leave to File Denied

The instant submissions continue Valle's pattern of vexatious litigation. Since this Court has denied Valle's repeated attempts to file frivolous actions – Valle's litigation history is listed below – he now turns his attention to both the New York State courts and to this Court. In the proposed actions filed on January 6, 2010, plaintiff alleges that numerous state court judges are involved in a criminal enterprise. In the proposed action filed on January 26, 2010, plaintiff sues United States District Judges, a United States Magistrate Judge, the Clerk of Court and various other Eastern District court personnel. Valle makes similar claims of a criminal enterprise. As in prior attempts, Valle has named me in this action, but I decline to recuse myself as there is no basis to do so and it would only provide Valle with another person to sue should this case be reassigned to another district judge. In essence, Valle has formulated a complaint template that he repackages with a different caption depending on which court has dismissed his latest attempts to file frivolous litigation.

Accordingly, Valle's motions for leave to file these three actions are DENIED. Similar to his previous submissions, these actions are improper and frivolous in that they lack any basis in law or in fact. 28 U.S.C. § 1915(e)(2)(B); In re Martin Trigona, 9 F.3d 226, 229 (2d Cir. 1993).

Litigation History

Since the filing injunction was entered in 2004, Valle has remained undeterred. He has continued to file motions for leave to file – what the Court has repeatedly concluded are – frivolous complaints. In 2005, Mr. Valle sought leave to file five actions. See Valle v. State of New York, MC-05-111 (DGT); Valle v. United States, MC-05-112 (DGT); Valle v. United States, MC-05-113 (DGT); Valle v. YMCA, MC-05-227 (DGT); Valle v. State of New York, MC-05-243 (DGT). In 2006, Mr. Valle sought leave to file two actions. See Valle v. United States, MC-06-348 (DGT); Valle v. United States, MC-06-442 (DGT). In 2008, Mr. Valle sought leave to file a total of nine actions. Valle v. United States, MC-08-214 (DGT); Valle v. United States, MC-08-215 (DGT); Valle v. United States, MC-08-361 (DGT); Valle v. United States, MC-08-382 (DGT); Valle v. United States, MC-08-464 (DGT); Valle v. United States, MC-08-465 (DGT); Valle v. United States, MC-08-530 (DGT); Valle v. United States, MC-08-567 (DGT); Valle v. United States, MC-08-604 (DGT). In 2009, Mr. Valle sought leave to file four actions. Valle v. United States, MC-09-65 (DGT); Valle v. State of New York, MC-09-825 (DGT); Valle v. State of New York, MC-09-831 (DGT) (Valle sought leave to file two separate actions).

In a prior case, the Court directed Valle to show cause within 20 days why a sanction of $1,500 should not be imposed for his repeated litigious and vexatious conduct. See Valle v. State of New York, MC-09-831 (DGT), slip op. (E.D.N.Y. Jan. 13, 2010) (Valle's response to sanction order pending). The Court had previously warned Valle twice that he faced sanctions if he continued this course of conduct.[1] Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a party may be sanctioned for pleadings "presented for any improper purpose, such as to harass, cause unnecessary delay or, needlessly increase of the cost of litigation." See Chambers v. NASCO, Inc., 501 U.S. 32, 42-52 (1991) (district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly or for oppressive reasons).

---

[1] See Valle v. United States, MC-09-65 (DGT), slip op. (E.D.N.Y. Feb. 6, 2009); Valle v. State of New York MC-09-825 (DGT), slip op. (E.D.N.Y. Jan. 4, 2010).

2

Conclusion

Accordingly, leave to file these three actions are DENIED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
      January 2, 2010

SO ORDERED.

/David G. Trager
United States District Judge